604 F.2d 32
 NATIONAL RETAILERS CORPORATION OF ARIZONA, Plaintiff-Appellee,
v.
The VALLEY NATIONAL BANK OF ARIZONA, a National Banking
Association, and James E. Smith, acting
Comptroller of the Currency,
Defendants-Appellants.
 Nos. 76-1855, 76-1850, 76-2030 and 76-2339.
 United States Court of Appeals,
Ninth Circuit.
 Jan. 29, 1979.
Rehearing Denied May 9, 1979.
 
 Charles E. James, Jr., Phoenix, Ariz., Michael F. Hertz, Washington, D. C., for defendants-appellants.
 Susan M. Freeman, Jeremy E. Butler, Phoenix, Ariz., for plaintiff-appellee.
 Appeal from the United States District Court for the District of Arizona.
 Before ELY and CARTER, Circuit Judges, and THOMPSON,* District Judge.
 PER CURIAM:
 
 
 1
 In these consolidated appeals the Comptroller of the Currency and the Valley National Bank appeal from the judgment of the District Court below, reported at 411 F.Supp. 308 (D.Ariz.1976), holding that the offering of electronic data processing services to the public generally by Valley National Bank, in reliance upon an interpretive ruling of the Comptroller,[1] exceeded the national bank's powers under the National Bank Act. 12 U.S.C. § 24 (Seventh). We affirm.[2]
 
 
 2
 The District Court correctly anticipated, and applied, our decision in M & M Leasing Corp. v. Seattle First National Bank, 563 F.2d 1377, 1382-1384 (9th Cir. 1977), Cert. denied, 436 U.S. 956, 98 S.Ct. 3069, 57 L.Ed.2d 1121 (1978), wherein we adopted the approach taken by the First Circuit in Arnold Tours, Inc. v. Camp, 472 F.2d 427, 431-432 (1st Cir. 1972). Thus, in order to satisfy the Arnold Tours test, a service offered by a national bank, such as the Retail Information Service instituted by Valley National Bank in the present case, "must be convenient or useful to business Expressly authorized by 12 U.S.C. § 24 (Seventh)." M & M Leasing Corp. v. Seattle First National Bank, supra, 563 F.2d at 1382 (emphasis in original).
 
 
 3
 We hold that the Valley National Bank, by failing to limit the use of its Retail Information Service to the performance of an express power under the National Bank Act, went beyond the bounds of those incidental powers granted to it by 12 U.S.C. § 24 (Seventh). Also, we agree with the District Court's conclusion that the Comptroller exceeded his authority in rendering the interpretive ruling upon which Valley National Bank relied when it entered the data processing service field.
 
 
 4
 Accordingly, in Appeals No. 76-1855 and No. 76-2030, the judgment is affirmed.
 
 
 5
 In Appeals No. 76-1850 and No. 76-2339, the appeals are dismissed.
 
 
 
 *
 Honorable Gordon Thompson, Jr., United States District Judge, Southern District of California, sitting by designation
 
 
 [1]
 The Comptroller's interpretive ruling with respect to the use of data processing equipment and furnishing of data processing services by national banks is found within 12 C.F.R. § 7.3500
 
 
 [2]
 In Appeals No. 76-1850 and No. 76-2339, the appeals brought by the National Retailers Corporation of Arizona from the District Court's judgment dismissing its claim against the Valley National Bank, the attorneys for the National Retailers Corporation stated at argument that if their client prevailed in Appeal No. 76-1855, the appeal by the Comptroller of the Currency, they would not be further interested in pursuing their client's claims against the Valley National Bank in these proceedings. We therefore express no opinion as to the issues raised in those appeals